TRANS–HIGH CORPORATION, d.b.a. High Times Magazine, The Daily Doobie, LLC, and The Hemp Connoisseur, LLC, Plaintiffs,

v.

The State of COLORADO and John Hickenlooper, Defendants.

and

Tattered Cover, Inc., a Colorado corporation, d/b/a Tattered Cover Book Store in Denver and Highlands Ranch, Colorado, Back Country Books, Inc., a Colorado corporation, d/b/a Boulder Book Store in Boulder, Colorado, Thomas G. Mulligan, d/b/a Magpies Newsstand in Durango, Colorado, Newsstand Solutions, LLC, a Colorado limited liability company, d/b/a Book Train, in Glenwood Springs Colorado, and Woody's Newsstand, in Greeley, Colorado, Mountain States News Distributors, Inc., d/b/a Magwest, Inc. and operating Al's Newsstand in Fort Collins, Colorado, American Booksellers Foundation for Free Expression, a Delaware not-for-profit corporation, and Mountain and Plains Independent Booksellers Association, a Colorado nonprofit corporation, Plaintiffs,

v.

Barbara Brohl, in her official capacity as Executive Director of Colorado Department of Revenue, John Hickenlooper, in his official capacity as Governor of the State of Colorado, John Suthers, in his official capacity as Attorney General of the State of Colorado, and Pete Weir, Mitchell R. Morrissey, Frank Ruybalid, Dan May, Bruce Brown, Todd Risberg, Dan Hotsenpiller, Cliff Reidel, Shery Caloia, Jeff Chostner, Thom LeDoux, David Maho-

nee, Robert E. Watson, Brett Barkey, Jennifer Swanson, Jim Bullock, Dave Young, George Brauchler, Kenneth R. Buck, Stan Garnett, Pete Hautzinger, and Will Furse, in their official capacities as the District Attorneys for their respective judicial districts in the State of Colorado, Defendants.

Civil Action Nos. 13–cv–01389–RPM, 13–cv–01431–RPM.

United States District Court, D. Colorado.

June 11, 2013.

Michael Albert Bamberger, Richard Marc Zuckerman, Dentons U.S. LLP, New York, NY, Sara J. Rich, Mark Silverstein, American Civil Liberties Union, Christopher P. Beall, Steven David Zansberg, Thomas B. Kelley, Levine Sullivan Koch & Schulz, LLP, Darren M. Jankord, David Arthur Lane, Killmer, Lane & Newman, LLP, Denver, CO, for Plaintiffs.

David Christopher Blake, Kathryn Anne Teresa Starnella, Leeann Morrill, Colorado Attorney General's Office, Denver, CO, for Defendants.

David A. Lane, Darren M. Jankord, Killmer, Lane & Newman, LLP, Denver, CO, for the High Times Plaintiffs.

Thomas B. Kelley, Steven D. Zansberg, Christopher P. Beall, Levine Sullivan Koch & Schulz, LLP, Mark Silverstein, Sara J. Rich, ACLU Foundation of Colorado, Denver, CO, Michael A. Bamberger, Richard M. Zuckerman, Dentons U.S. LLP, New York City, NY, for the Tattered Cover Plaintiffs.

John W. Suthers, Attorney General, David C. Blake, Deputy Attorney General, Leeann Morrill, First Assistant Attorney General, Kathryn Starnella, Assistant Attorney General, Office of the Attorney General, Ralph L. Carr Colorado Judicial Center, Denver, CO, for Governor John Hickenlooper/Attorney General John Suthers.

John W. Suthers, Attorney General, Melanie J. Snyder, Deputy Attorney General, Claudia Brett Goldin, First Assistant Attorney General, Office of the Attorney General, Ralph L. Carr Colorado Judicial Center, Denver, CO, for Department of Revenue Executive Director Barbara Brohl.

## ORDER FOR ENTRY OF ORDER, PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT

RICHARD P. MATSCH, Senior District Judge.

On June 10, 2013, the parties in Civil Action No. 13–cv–01389–RPM and Civil Action No. 13–cv–01431–RPM filed an Order, Permanent Injunction and Final Judgment on Consent, constituting, in effect, a stipulation for the entry of a consent judgment adjudicating the issues raised by the Plaintiffs in these two actions. This court has jurisdiction of both actions pursuant to 28 U.S.C. §§ 1331 and 1343(3) over the claims arising under the First and Fourteenth Amendments to the United States Constitution and supplemental jurisdiction under 28 U.S.C. § 1367 on the claims arising under the Colorado Constitution.

The defendants have conceded the invalidity of the code provision cited in the complaints and the injunction order tendered is in compliance with Fed.R.Civ.P. 65(d). Accordingly, it is

ORDERED, that the Order, Permanent Injunction and Final Judgment on Consent be entered as a final judgment in these actions.

## ORDER, PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT

Before the Court is the following proposed Order, Permanent Injunction, and

Final Judgment on Consent, and finding good cause for the entry of same, the Court hereby orders as follows:

**WHEREAS:**

**A.** The Colorado Legislature recently enacted the Colorado Retail Marijuana Code, House Bill 13–1317 (the "Retail Marijuana Code") regarding the regulation of marijuana;

**B.** The Retail Marijuana Code was signed into law by Governor John Hickenlooper;

**C.** Section 12.43.4–202(3)(c)(II) of the Retail Marijuana Code requires the Department of Revenue to promulgate regulations on the subject of "requiring that magazines whose primary focus is marijuana or marijuana businesses are only sold in retail marijuana stores or behind the counter in establishments where persons under twenty-one years of age are present" (the "Code Provision");

**D.** On May 29, 2013, Plaintiffs Trans–High Corporation d.b.a. High Times Magazine, The Daily Doobie, LLC, and The Hemp Connoisseur, LLC (the "High Times Plaintiffs") filed a civil action in the United States District Court for the District of Colorado against the State of Colorado and John Hickenlooper, in his official capacity as Governor of the State of Colorado (the "High Times Complaint");

**E.** On June 3, 2013, Plaintiffs the Tattered Cover, Inc., Back Country Books, Inc., Thomas G. Mulligan, Newsstand Solutions, LLC, Mountain States News Distributors, Inc., American Booksellers Foundation for Free Expression, and Mountain and Plains Independent Booksellers Association (collectively, the "Tattered Cover Plaintiffs") filed a civil action in the United States District Court for the District of Colorado against Barbara Brohl, in her official capacity as Executive Director of the Colorado Department of Revenue, John Hickenlooper, in his official capacity as Governor of the State of Colorado, and John Suthers, in his official capacity as Attorney General of the State of Colorado (collectively, the "Tattered Cover State Defendants") and against twenty-two (22) elected District Attorneys in the State of Colorado (the "Tattered Cover Complaint");

**F.** This Order shall refer to the High Times Plaintiffs and the Tattered Cover Plaintiffs collectively as the "Plaintiffs," and shall refer to Governor John Hickenlooper as named in the High Times Complaint and the Tattered Cover State Defendants collectively as the "State Defendants";

**G.** In the High Times and Tattered Cover Complaints, Plaintiffs maintain that the Code Provision violates the First Amendment of the United States Constitution and Article II, Section 10 of the Constitution of the State of Colorado;

**H.** On June 5, 2013, the Department of Revenue promulgated Emergency Regulation R 1101, which provides:

*No magazine whose primary focus is marijuana or marijuana businesses is required to be sold only in retail marijuana stores or behind the counter in establishments where persons under twenty-one years of age are present, because such a requirement would violate the United States Constitution, the Colorado Constitution, and section 24–4–103(4)(a.5)(IV), C.R.S.*

**I.** On June 5, 2013, the Attorney General issued an Opinion stating that:

*The above-referenced rules were submitted to this office on 6/5/2013 as required by section 24–4–103, C.R.S. This office has reviewed them and finds no apparent constitutional or legal deficiency in their form or substance. The rules as adopted reconcile the requirements of*

the United States Constitution, the Colorado Constitution, House Bill 13–1317, and section 24–4–103(4)(a.5)(IV), C.R.S., of the State Administrative Procedure Act.

**J.** The Plaintiffs and the State Defendants wish to settle these actions without further proceedings, in accordance with the terms of this Order, and believe that such settlement is in their best interests and the best interests of the people of the State of Colorado.

**NOW THEREFORE,** upon consent of the Plaintiffs and the State Defendants, it is Ordered, Adjudged, and Decreed by this Court:

**1.** The two cases at issue here, Civil Action No. 13–CV–01389–RPM and—Civil Action 13–cv–01431–RPM, are hereby ordered consolidated pursuant to Fed. R. Civ. 42(a)(2).

**2.** The Code Provision "requiring that magazines whose primary focus is marijuana or marijuana businesses are only sold in retail marijuana stores or behind the counter in establishments where persons under twenty-one years of age are present" is void and unconstitutional because it violates the First Amendment to the United States Constitution and Article II, Section 10 of the Constitution of the State of Colorado.

**3.** The State Defendants and all persons acting on behalf of the State of Colorado hereby are permanently enjoined and restrained from enforcing the Code Provision in any manner, including civil and criminal proceedings, and are further enjoined and restrained from conducting administrative proceedings to promulgate, and from promulgating, regulations purporting to enforce the Code Provision.

**4.** Plaintiffs and their attorneys waive any and all claims for attorneys' fees and costs through the date of entry of this

ORDER, PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT. The Plaintiffs and the State Defendants shall bear their own costs and fees.